## MOORE v. HORNE.
### No. 8856.

Court of Civil Appeals of Texas. Austin.
Jan. 24, 1940.

Rehearing Denied Feb. 14, 1940.

Polk Shelton, John C. Butler, Everett L. Looney, Edward Clark, and Chas. F. Herring, all of Austin, for appellant.

R. B. Thrasher, of Austin, for appellee.

BAUGH, Justice.

This appeal presents contest of a will. It is from a judgment of the district court, based upon a special issue verdict of the jury, denying probate of the proffered will of Mrs. Maria Bartl, deceased. Mrs. Meta Moore, named in the instrument involved as the chief beneficiary and independent executrix, was the proponent; and Mrs.

Martha Horne, daughter of Mrs. Maria Bartl, deceased, was the contestant. The instrument offered for probate was executed by Mrs. Bartl, who was then 91 years of age, on January 14, 1937; Mrs. Bartl died on December 17, 1937, and the purported will was filed for probate on December 20, 1937. Mrs. Bartl possessed an estate valued at about $12,000. By said instrument she bequeathed to three nieces who resided in Germany the aggregate sum of $2,500; left nothing to an afflicted son, who subsequently died; bequeathed to her daughter, Mrs. Horne, $25, reciting that she was "giving her this small sum because she has deserted and abandoned me in the declining years of my life, when I needed her love and care most, and left me to be cared for and loved and comforted by outsiders"; and devised all the rest of her estate to Mrs. Meta Moore, appellant, who was not related to her.

The grounds of the contest were that Mrs. Bartl did not understand the contents of the instrument which she executed as her last will; that she lacked testamentary capacity at the time she executed it; and that it was the product of undue influence of Mrs. Meta Moore. These three issues were submitted to the jury, all answered in favor of the contestant and against the proponent.

Twenty-eight witnesses testified upon the trial, fourteen for the proponent and fourteen for the contestant. The only contentions made on this appeal are that the findings of the jury on the issues submitted are without support in the evidence or are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and to manifest passion and prejudice of the jury against appellant.

[1] We have carefully read the entire statement of facts, containing 320 pages. It may be seriously doubted if the evidence was legally sufficient to sustain the finding of lack of testamentary capacity of the testatrix; but it was amply sufficient to sustain that of undue influence exercised by Mrs. Moore over Mrs. Bartl in procuring the execution of the alleged will and in directing the disposition made therein. And for the purposes of this opinion we will assume that Mrs. Bartl possessed testamentary capacity. The sufficiency of the evidence, as a matter of law, to support a finding of undue influence, being the only issue presented, under the rule which has now become elementary, we must look to the evidence most favorable in support of the verdict; and discard that against it.

It is also now settled that testamentary capacity must exist before undue influence over the testator can be exercised. Scott v. Townsend, 106 Tex. 322, 333, 166 S.W. 1138. Evidence of facts and circumstances which, however, would not be sufficient to sustain a finding of undue influence over the mind of a strong, vigorous person in full possession of all of his mental faculties, may be sufficient to sustain such a finding as to one, though possessing testamentary capacity, who by reason of age, feebleness, and approaching senility, has much less power of resistance to such influence; and who because of such age, physical weakness, and infirmities of body and mind is more susceptible to control by the will of another. Hart v. Hart, Tex.Civ. App., 110 S.W. 91; Brown v. Pridgen, 56 Tex. 124.

Undue influence can seldom if ever be established by direct and positive proof. It is usually shown by circumstances. See Russell v. Boyles, Tex.Civ.App., 29 S.W.2d 891. From these, if sufficient to raise the issue, the jury must usually draw its own reasonable conclusions. Taking the evidence in the instant case most favorably in support of the verdict, and disregarding conflicting testimony, it was sufficient to show: That Mrs. Bartl, 91 years of age at the time she executed the purported will, was then very childish and feeble; that she was unable to read, write or speak the English language; that she had been living with Mrs. Meta Moore in the latter's home, though she owned one of her own, for six months or more prior to the execution of said instrument; that Mrs. Moore had caused whatever estrangement there was between her and her daughter, Mrs. Horne; that Mrs. Moore had for several years continuously been with her and influenced her in her business transactions. The evidence also showed Mrs. Moore had on December 17, 1936, filed an application in the county court to have Ed Doelitsch, son of Mrs. Bartl, adjudged insane and to be appointed guardian of his person and estate; that Mrs. Horne contested such appointment, which contest angered both Mrs. Bartl and Mrs. Moore; that Mrs. Moore habitually signed checks for Mrs. Bartl, including one to herself for $300, dated October 1, 1936; that in January, 1937, Mrs. Bartl recovered 157 acres of land in Caldwell County, which she had

sold in 1924, because of the failure of the purchaser to pay the vendor's lien notes against it, and immediately conveyed it, apparently without consideration, to Mrs. Moore, though it constituted her chief, if not only, source of revenue. It could also clearly be inferred by the jury that Mrs. Moore in reality directed this transaction; that Mrs. Moore called the attorney, who wrote said purported will, to her home on the morning of January 14, 1937, and was present when said attorney obtained the data for preparing same, and if, as several witnesses testified, Mrs. Bartl could not speak English, and since said attorney testified that he could not speak nor understand German, the jury could properly infer that Mrs. Moore, who spoke German, acted as interpreter in giving the attorney the information for drawing the will. When said attorney returned in the afternoon to Mrs. Moore's home with the will prepared, Mrs. Moore was again present when it was signed; that said attorney then had with him the Deputy County Clerk of Travis County, who spoke German fluently, to interpret and explain the contents of said will to Mrs. Bartl, and testified that he did so, because he anticipated trouble when the will should be offered for probate. Said attorney had a copy of said will in his office, if not continuously, at least from shortly after it was executed up to the death of Mrs. Bartl on December 17, 1937. This fact, as well as the contents of said will, were well known to Mrs. Moore. The execution of said will of January 14, 1937, was kept secret from both Mrs. Horne and Ed Doelitsch, her only living children. On December 20, 1937, only three days after the death of Mrs. Bartl, Mrs. Moore, without going to Lockhart to procure the original of said will in the bank there, offered the copy for probate. Mrs. Moore was in no way related to Mrs. Bartl. Many other detailed incidents were shown by the testimony tending to indicate control and direction exercised by Mrs. Moore over the conduct, acts and attitude of Mrs. Bartl not only towards Mrs. Horne, her daughter, but towards others with whom she had business relations; but we deem it unnecessary to prolong this opinion by detailing them here.

No useful purpose would be served by a citation and discussion of the authorities bearing upon the issues here involved. The cases are numerous and the governing rules well established. We refer to 44 Tex.Jur., §§ 20 to 25, pps. 562–566, under which are cited numerous authorities, and a full discussion of the question of undue influence may be found. Application of such governing rules to varied fact situations is also treated in 44 Tex.Jur., § 55 et seq., p. 597.

Of course, the burden to show that undue influence was exercised by Mrs. Moore over the will of the testatrix was upon the contestant. No complaint is made that the burden was not properly placed in the submission of that issue to the jury. The controlling question before us is whether there was sufficient competent evidence to sustain the jury's finding. From what has been said above, it is manifest to our minds that there was, and the contention to the contrary is resolved against the appellant.

The judgment of the trial court will therefore be affirmed.

Affirmed.

## On Appellant's Motion for Rehearing.

Appellant complains of certain statements in our opinion as constituting fact findings by us not supported by the testimony; particularly with reference to the length of time Mrs. Bartl lived with Mrs. Moore before the will was executed; and that it was executed in Mrs. Moore's home. We did not intend such statements as findings of fact; but merely that from the evidence the jury was authorized to infer that these facts and circumstances existed as affording an opportunity to exert such undue influence. We think it is unimportant whether, under the circumstances, the purported will was actually signed by Mrs. Bartl in her own home, or in the home of Mrs. Moore; it not being controverted that for several months prior thereto Mrs. Moore had kept Mrs. Bartl in the Moore home, and was present both when the information was given to the scrivener, and when the will was signed.

Appellant's motion for rehearing is therefore overruled.

Motion overruled.